**BAKERS ASSOCIATES, INC., Plaintiff,**

v.

**KELLOGG COMPANY, Defendant.**

No. 67 C 1862.

United States District Court
N. D. Illinois, E. D.

Feb. 18, 1969.

Owen J. Ooms, Chicago, Ill., for plaintiff.

Thomas R. Juettner, Gary, Parker, Juettner, Pigott & Cullinan, Chicago, Ill., for defendant.

## MEMORANDUM OPINION, JUDGMENT, and ORDER

PARSONS, District Judge.

The plaintiff, Bakers Associates, Inc., a Delaware corporation within the jurisdiction of this Court, is a consultant to the bread industry. It makes no product itself. It has devised two mixes for bread, one for light bread and the other for dark bread. The mixes are produced by a milling company in Michigan which ships the same at wholesale, in bulk, to bakers franchised or licensed by plaintiff, who make and sell bread from this mix in accordance with plaintiff's specifications.

The loaves of bread, as they flow through commerce, bear the name or trademark of the baker, together with the plaintiff's registered trademark No. 579,145 for the illustration of a ballerina and the words "Miss Nineteen". Sacks of bread mix, as they flow through wholesale commerce, likewise bear said registered trademark. The trademark and registration are valid and subsisting, and owned and controlled by plaintiff.

Defendant, Kellogg Company of Battle Creek, Michigan, is within the jurisdiction of this Court. It manufactures and sells to the retail trade a large variety of packaged food products, all of which display defendant's name along with an identifying trademark, including one called "PRODUCT 19" here accused to infringe plaintiff's registered trademark.

"PRODUCT 19" is a valid registered trademark, Registration No. 823,722, owned and controlled by defendant, and used by it since March 1966 on and in connection with boxed, ready-to-eat breakfast cereal. Kellogg sells no bread. Bakers Associates sells no breakfast cereal.

The sole area of encounter of the trademarks here involved is the sale in respective sections of supermarkets and grocery stores, to ordinary consumers, of loaves of "Miss Nineteen" bread and boxes of "PRODUCT 19" breakfast cereal. Plaintiff has not alleged actual confusion or palming off.

Plaintiff has alleged trademark infringement under the United States Trademark Law (The Lanham Act) (15 U.S.C.) where the test of infringement is whether, relative to the registered mark and the goods or product of the regis-

trant, use of the accused mark on the defendant's goods or product is likely to cause confusion, or to cause mistake, or to deceive ordinary purchasers. Similar allegations, also based on likelihood of confusion, are made under Chapters 121½ and 140 of the Revised Statutes of the State of Illinois.

■ There is no ineluctable rule to test infringing similarity or "likelihood of confusion". Each case is decided on its own merits. J. S. Tyree, Chemist, Inc. v. Thymo Borine Laboratory, 151 F.2d 621 (7th Cir. 1945); G. D. Searle & Co. v. Chas. Pfizer & Co., 265 F.2d 385 (7th Cir. 1959).

Nevertheless, decisional law has established guide lines and general principles that aid in determination of the ultimate question. Several factors applicable to the present case are set out in Ye Olde Tavern Cheese Products, Inc. v. Planters Peanuts Division, Standard Brands, Inc., 261 F.Supp. 200 (N.D.Ill.1966), aff'd (per curiam) (7th Cir. 1967) at 394 F.2d 833, namely:

(A) "The test for trademark infringement is generally stated to be 'likelihood of confusion' of ordinary purchasers purchasing in the ordinary manner."

(B) "The plaintiff * * * must show prior use of its own mark and the defendant's use of a 'confusingly similar' mark in competition with it."

(C) "* * * test is not simply a 'side-by-side' one, made by the court in comparing personally the labels or marks. Rather, the test is one of the consumer confusion, in light of the manner in which consumers purchase these products."

(D) "Similarity is to be judged by the consideration of each mark as a whole." "* * * analysis of the two trademarks into their ultimate elements is discouraged * * *."

In that case, the Court held that "Ye Olde Tavern" and "Planters Tavern Nuts" applied to identical goods (nuts) sold through identical channels of trade in the same general type of bags were

*not* "confusingly similar". (See also the tests applied in California Fruit Growers Exchange v. Sunkist Baking Co., 166 F.2d 971 (7th Cir. 1947) where "Sunkist" for bread was held not likely to be confused with "Sunkist" for fruits and vegetables.)

Based on such subjective tests, it is the Court's duty to evaluate the respective marks for the purpose of determining their probable impact on potential purchasers in the market place.

In this case, the goods of the plaintiff that are offered to the consumer are conventional loaves of bread, which are individually packaged in a plastic bag or foil wrapper and on which bag or wrapper appears the composite trademark comprised of the silhouette of a dancing girl and the words, in script, "Miss Nineteen". The bread is supplied to grocery stores, supermarkets and similar retail outlets, where the loaves are placed in that section of the store generally allocated to bread.

The defendant's accused goods are conventional boxes of ready-to-eat breakfast cereal bearing the mark "PRODUCT 19". The cereal is produced by defendant, delivered to the same type of stores as above described, and there displayed in that section of the store generally allocated to the breakfast cereals.

■ On the facts here presented, and considering the marks "Miss Nineteen" and "PRODUCT 19" from the viewpoint of an ordinary consumer, they are found not so confusingly similar as to produce any likelihood of consumer confusion. The marks are different. The goods are different—bread conveying no particular connotation of cereal breakfast food and not being an ingredient thereof. Even though the converse be true, i. e., that cereal breakfast foods can be used as ingredients of bread, that is not sufficient reason to hold that the earlier adoption of a mark on bread preempts use of a similar mark on cereal. In short, the later use by defendant of its mark on cereal breakfast food is not "likely to cause confusion, or to cause mistake, or to deceive" (15 U.S.C.

§ 1114(1)) ordinary purchasers purchasing in the ordinary manner.

Plaintiff therefore has failed to show trademark infringement. For the same reasons, plaintiff has failed to show any grounds for relief under Chapters 121½ and 140 of the Revised Statutes of Illinois.

The parties having stipulated to the facts recited above, and to the entry of an order by the Court in accordance with its determination thereupon with relation to the law, the foregoing observations shall stand as my findings of fact and conclusions of law. Judgment for the defendant. Complaint dismissed.